IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

EARL PERKINS                                                    PLAINTIFF

v.                              No. 4:22-cv-500-DPM

JOHNSON & JOHNSON
and ETHICON, INC.                                            DEFENDANTS

## ORDER

1.      Earl Perkins underwent hernia repair surgeries in 2014 and
2018.   These procedures involved inserting a surgical hernia mesh.
Perkins says that after those surgeries, he sustained a hernia recurrence
and continues to suffer from pain and other complications.  In 2019, he
had to have the mesh removed.  Perkins has sued Johnson & Johnson
and Ethicon Inc., the mesh's manufacturers and distributors, making
various products liability claims.  Johnson & Johnson and Ethicon move
to dismiss some of Perkins's claims, arguing that his strict liability
manufacturing defect claim, breach of warranty claims, and fraudulent
misrepresentation and concealment claims are not adequately pleaded.
To the extent Perkins's negligence claim alleges a negligent
manufacturing defect theory, the companies move to dismiss it, too.
The Court accepts the well-pleaded facts as true.  *Trone Health Services,
Inc. v. Express Scripts Holdings Co.*, 974 F.3d 845, 850 (8th Cir. 2020).

2.     Perkins has pleaded plausible manufacturing defect claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  He says that the companies supplied the mesh with a defective condition—a polypropylene base that was degraded by having been subjected to gamma radiation.  This defect, Perkins alleges, rendered the mesh unreasonably dangerous because it increased the risk of the mesh failing and causing serious complications in patients.  Perkins says the defect caused him to have the mesh surgically removed about a year after it was inserted and explains that he still suffers complications from its implantation.  He also says the mesh deviated from the companies' manufacturing performance standards because, although Johnson & Johnson and Ethicon said the mesh "affords excellent strength, durability and surgical adaptability, with a porous structure to enable mesh incorporation into the surrounding tissues," the gamma radiation the companies used to sterilize the mesh degraded, weakened, and embrittled the polypropylene base, which increased the chance of complications and potential adverse reactions.  *Doc. 2 at ¶¶ 31-43, 48-50 & 117*.  Taken as true, these allegations state plausible defect claims.  ARK. CODE ANN. § 16-116-101(a);  *see also In re Temporomandibular Joint (TMJ) Implants Products Liability Litigation*, 97 F.3d 1050, 1054 n.4 (8th Cir. 1996).

3.     The companies are correct that Perkins has not adequately pleaded his claim for breach of the implied warranty of merchantability

or for breach of an express warranty.   In Arkansas, providing reasonable pre-suit notice "is a condition precedent to recovery" and "the giving of notice must be alleged in the complaint in order to state a cause of action." *Williams v. Mozark Fire Extinguisher Co.*, 318 Ark. 792, 797, 888 S.W.2d 303, 305-06 (1994);   *see also* ARK. CODE ANN. § 4-2-607(3)(a).   Filing a complaint is not sufficient notice. *Williams*, 318 Ark. at 797, 888 S.W.2d at 305-06.   Perkins's complaint does not allege that he provided Johnson & Johnson and Ethicon with the notice about his warranty claims.   His responding papers do not address whether he can fill this gap. *Doc. 7.*

**4.**   The allegations in Perkins's complaint satisfy Rule 9(b)'s heightened pleading requirement for fraudulent misrepresentation and concealment claims.   He "must plead the who, what, where, when, and how of the alleged fraud." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (quotation omitted);   *see also* FED. R. CIV. P. 9(b). Perkins says the companies made several material misrepresentations in the product's instructions for use — which describe the mesh and how to use it — about safety and the potential for adverse reactions. *Doc. 2 at ¶¶ 43, 47-48, 59 & 146.*   He also says Johnson & Johnson and Ethicon knew these representations were false before 2003;  that they intended to induce the medical community, Perkins, and his doctors to use the mesh;   that Perkins and his doctors justifiably relied on those representations when the doctors implanted the mesh in Perkins;  and

that Perkins was damaged when he suffered complications and had to have the mesh removed.  He also alleges that the companies concealed some key facts about how the mesh was manufactured and patients' potential adverse reactions.  *Doc. 2 at ¶ 152.*

The companies say that Perkins's complaint lacks the who, when, and how of the alleged fraud.  But according to Perkins, Ethicon was a creature of Johnson & Johnson—a wholly owned and controlled subsidiary.  *Doc. 2 at ¶¶ 9-10*; *compare Christopherson v. Bushner*, 33 F.4th 495, 500 (8th Cir. 2022).  The companies, therefore, are not "left to guess" who was responsible for the alleged fraud.  *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 550 (8th Cir. 1997).  And Perkins has alleged "the time, place, and contents of the false representations" by pointing to specific statements in the instructions for use, which he notes were published in 2010.  *Drobnak*, 561 F.3d at 783.  These allegations adequately plead claims for fraudulent misrepresentation and fraudulent concealment.

\* \* \*

Motion for partial dismissal, *Doc. 5*, mostly denied and partly granted.  Perkins's warranty claims are dismissed without prejudice.  He may file an amended complaint to cure the defects in those claims by 9 December 2022.

So Ordered.

D.P. Marshall Jr.
United States District Judge

9 November 2022